UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| SHANON LEE MCDONALD, | ) | |
| Institutional ID No. 1310319, | ) | |
| SID No. 6441927, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 5:12-CV-023-BG |
| DAVID PETERSON,    CO. III, | ) | ECF |
| Montford Unit, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

*Pro se* Plaintiff Shannon Lee McDonald, an inmate incarcerated by the Texas Department of Criminal Justice (TDCJ), filed this action pursuant to 42 U.S.C. § 1983 alleging that he was subjected to an excessive use of force and deliberate indifference to his serious medical needs during his incarceration at the John T. Montford Unit. The United States District Judge permitted McDonald to proceed *in forma pauperis* and transferred the case to the United States Magistrate Judge for further proceedings. McDonald thereafter filed a notice of non-consent. The undersigned held a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985), and McDonald testified at the hearing. The undersigned has considered McDonald's allegations, authenticated records from TDCJ, and the applicable law and now recommends that the court dismiss this action.

**I.    Standard of Review**

This court is statutorily required to conduct preliminary screening of an action brought *in forma pauperis* and dismiss the action if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) (2012).

## II.    McDonald's Allegations

McDonald claims Defendant David M. Peterson, an officer at the prison, assaulted him on October 9, 2011. McDonald claims his right hand was in the food slot of his cell door when Peterson punched his hand and then kicked it twice. He testified that the use of force resulted in scratches and bruises on his hand and a fractured knuckle. He further claims Defendant Ashley D. Hatchett failed to report Peterson's actions and that Daniel Jones, a nurse, refused to provide medical attention after the incident. According to McDonald, because Jones refused to treat him, he was forced to wait for the next shift medical team to give him medical attention. In his prayer for relief, McDonald seeks only a transfer from the John T. Montford Unit to the Beauford H. Jester Unit.

## III.   Discussion

### A.   *Use of Force*

McDonald has a history of suicide attempts and disruptive behavior. On October 9, 2011, the date he alleges the use of force occurred, he was housed in a seclusion cell where he was on assault and suicide precautions. According to authenticated medical records from TDCJ, in the days leading up to October 9, 2011, McDonald spat and threw water at prison staff, flooded his cell, and refused to comply with rules related to the food port on his cell door. On the date in question, he had "taken control" of the food port by placing his hand in the port and refusing to remove it. According to two officers who witnessed the incident, McDonald punched the food port with his right hand and then pushed his arm through the port. According to an inmate eyewitness, McDonald punched the food port area and thrust his hand through the opening when officers tried to shut it. The inmate reported that the door to the food port bounced twice from the impact of McDonald's

2

actions and shut on his hand. McDonald acknowledged that his hand was in the food port when it shut on his hand, but he claimed the food port shut on his hand when Peterson punched and kicked it. The authenticated records include affidavits from prison officials attesting that no incident or use of force reports were generated for any incident McDonald may have been involved in on October 9, 2011.

McDonald claims he suffered scratches, bruises, and a fractured knuckle as a result of the incident. According to the authenticated medical records, McDonald underwent an x-ray on October 12, 2011, that showed an "old deviated 5th metacarpal fracture" and a fracture of the fourth metacarpal that was well aligned and of an indeterminate age. The doctor who reviewed the x-ray, determined that no immobilization was necessary for either fracture and that there was minimal edema in McDonald's hand. The authenticated medical records further show that McDonald did not complain of any injury to his hand after he underwent the x-ray. Although he wrote a number of sick call requests asking for medical attention for migraine headaches, dizziness, nausea, and leg and back pain, after the x-ray on October 12, 2011, McDonald did not mention any injury to his right hand to medical staff. McDonald acknowledged this fact at the *Spears* hearing and testified that he did not suffer a permanent injury from the incident. Likewise, McDonald did not suffer short-term injury; according to the authenticated records he was not limited in the use of his right hand. On the day following the alleged use of force, McDonald used a piece of metal to inflict a two-inch cut in his left arm, took control of his food port, and threw water from his cell. One week later, he again took control of the food port and jammed the locking mechanism with his hand.

The United States Supreme Court has acknowledged that the extent of injury the inmate suffered in an alleged use of force is relevant to determining whether the force at issue

3

violated the Constitution. *Wilkins v. Gaddy*, — U.S. —, 130 S. Ct. 1175, 1178, 175 L. Ed. 2d 995 (2010). Although the core judicial inquiry in an excessive use of force case is whether the force was applied maliciously and sadistically or in a good faith effort to restore discipline, the extent of the plaintiff's injuries may provide some indication of the amount of force applied; thus, the absence of a significant injury is a factor the court must consider. *Id*. The Court of Appeals for the Fifth Circuit has likewise held that "courts may look to the seriousness of the injury to determine whether the force could have plausibly been thought necessary, or instead evinced . . . unjustified infliction of harm . . ." *Brown v. Lippard*, 472 F.3d 284, 387 (5th Cir. 2006) (internal quotations and citation omitted). An inmate fails to state an excessive use of force claim when there is no physical injury or when the injury is extremely minor. *Id*. (citations omitted).

In this case, the injury McDonald suffered was extremely minor, and such a minor injury provides some indication of the amount of force applied; such force cannot be characterized as malicious or sadistic. *See Wilkins*, 130 S. Ct. at 1178 (acknowledging that the extent of injury the inmate suffered is a factor that may indicate the amount of force applied and whether the force could have been thought necessary). McDonald's claim against Peterson should be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

B.     *Failure to Report*

McDonald's claim that Defendant Hatchett failed to report Peterson's actions must likewise be dismissed pursuant to 28 U.S.C. § 1915(e)(2). To the extent Hatchett was required by TDCJ policy to report misconduct to an official in a supervisory role, such action did not violate McDonald's civil rights. "[A] prison official's failure to follow the prison's own policies does not, itself, result in a constitutional violation." *Samford v. Dretke*, 562 F.3d 674, 681 (5th Cir. 2009).

C.     *Delay in Receiving Medical Care*

McDonald claims Defendant Jones, a nurse at the prison, refused to provide him medical attention after the incident on October 9, 2011, and that he was therefore forced to wait until the next shift medical team arrived before he was examined. Although McDonald may have, in fact, waited a period of time for medical staff to provide him with medical attention, such action does not rise to the level of conduct that would violate the United States Constitution.

Inadequate medical care may constitute a violation of a prisoner's civil rights, but constitutional concerns are implicated only when a prison official's actions are sufficiently harmful to evidence deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104–06, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). The plaintiff must allege conduct that demonstrates wanton disregard for a serious medical need. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001) (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

McDonald's allegations do not demonstrate wanton disregard for a serious medical need. He testified that a nurse examined his hand after the incident and ordered the x-ray taken on October 12, 2011. In addition, he acknowledged that he was given ibuprofen for pain. To the extent McDonald was not examined immediately after the incident on October 9, 2011, such action must be characterized as mere delay, and a delay in receiving medical care constitutes an Eighth Amendment violation only if there is a showing of deliberate indifference that resulted in substantial harm to the plaintiff. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). McDonald did not suffer substantial harm as a result of the delay. As noted above, the x-ray did not show an injury that required treatment, and McDonald testified that he did not suffer a permanent injury to his hand.

D.  *Prayer for Relief*

In addition and in the alternative to the foregoing, in his prayer for relief McDonald asks only for a transfer to another prison unit. Granting such relief would be inappropriate in this case. McDonald may desire to be placed in another prison unit, but he does not have a constitutional right to be housed in any particular prison unit. *See Meachum v. Fano*, 427 U.S. 215, 225, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976) (the discretion to transfer a prisoner to a particular prison unit lies with prison officials); *see also Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 32 L. Ed. 2d 418 (1995). It has been recognized that courts are generally ill-equipped to resolve problems unique to prisons and, when state institutions are involved, federal courts have reason to accord due deference to prison authorities. *Procunier v. Martinez*, 416 U.S. 396, 405, 94 S. Ct. 1800, 40 L. Ed. 2d 224 (1974), *overruled on other grounds*, *Thornburgh v. Abbott*, 490 U.S. 401, 409, 109 S. Ct. 1874, 104 L. Ed. 2d. 459 (1989).

**IV.  Recommendation**

Based on the foregoing discussion and the preliminary screening standards under 28 U.S.C. § 1915(e)(2), the undersigned recommends that the United States District Court **DISMISS** McDonald's Complaint and all claims therein against all Defendants. The undersigned further recommends that any pending motions be denied as moot.

The dismissal of this action will not release McDonald or the institution of his incarceration from the obligation to pay any previously imposed filing fee. *See Williams v. Roberts*, 166 F.3d 1126, 1128 (5th Cir. 1997).

The mandate requiring dismissal of frivolous claims serves to discourage the filing of baseless lawsuits and to conserve judicial resources. *See Holloway v. Hornsby,* 23 F.3d 944, 946 (5th Cir.

1994) (affirming the dismissal of a frivolous complaint and noting that filings by prisoners consume inordinate amounts of scarce judicial resources and may result in the delay of courts hearing valid complaints). Accordingly, the dismissal of McDonald's Complaint must count as a qualifying dismissal— a "strike"—under 28 U.S.C. § 1915(g) and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996).

## V. Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2012); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which an objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:   July 13, 2012.

_____
NANCY M. KOENIG
United States Magistrate Judge