IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| SHANON LEE MCDONALD, <br> TDCJ ID No. 1310319, <br> SID No. 6441927, <br><br> Plaintiff, <br><br> v. <br><br> DAVID PETERSON, et al., <br><br> Defendants. | § § § § § § § § § § § § | <br><br><br><br><br> CIVIL ACTION NO. <br> 5:12-CV-00023-C <br><br><br><br> ECF |

## ORDER

Plaintiff Shanon Lee McDonald, acting *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 on February 13, 2012, alleging that he was subjected to an excessive use of force and deliberate indifference to his medical needs on October 9, 2011, when he was incarcerated in the Texas Department of Criminal Justice John T. Montford Unit in Lubbock, Texas. He has named correctional officers David Peterson and Ashley Hatchett and LVN Daniel Jones as the Defendants. In the complaint, Plaintiff states that he is only seeking a transfer to another psychiatric facility. He was granted permission to proceed *in forma pauperis* by Order dated February 21, 2012. The Defendants have not filed an answer.

By Order dated February 21, 2012, the complaint was transferred to the docket of the United States Magistrate Judge, who held an evidentiary hearing pursuant to *Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1998) on June 14, 2012, and reviewed authenticated prison records from the Montford Unit. After the Magistrate Judge completed the preliminary screening pursuant to 28 U.S.C. §§ 1915 and 1915A, she filed a Report and Recommendation on July 13, 2012.

In the Report and Recommendation, the Magistrate Judge determined that based on Plaintiff's complaint, his testimony at the *Spears* hearing, and the authenticated medical records, Plaintiff's claims should be dismissed pursuant to 28 U.S.C. § 1915(e)(2) because (1) the hand injury suffered by Plaintiff was minor and the use of force could not be characterized as sadistic or malicious; (2) the failure to follow prison policies or procedures does not, without more, violate the Constitution; (3) there was no evidence showing that Plaintiff suffered substantial harm as a result of the failure to treat or the delay in medical treatment; and (4) the relief requested by Plaintiff is inappropriate. The Magistrate Judge then recommended that the complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

On July 26, 2012, Plaintiff filed objections to the Report and Recommendation. In his objections, Plaintiff repeats that the only relief he seeks is a transfer to another "psychiatric facility for continuation of [his] treatment."

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The Constitution does not require that the State have more than one prison for convicted felons; nor does it guarantee that the convicted prisoner will be placed in any particular prison if, as is likely, the State has more than one correctional institution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Thus, "[a] prisoner has no constitutionally protected interest in a particular facility." *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996). *See Young v. Quinlan*, 960 F.2d 351, 358 n. 16 (3d Cir. 1992) (citing *Olim v. Wakinekona*, 461 U.S. 234, 245 (1983)) (holding that a prisoner has no reasonable expectation of being incarcerated in a particular prison).

The undersigned District Judge has made an independent examination of the record in this case and finds that the Magistrate Judge's findings and conclusions should be ADOPTED.

It is, therefore, **ORDERED**:

(1)  Civil Action No. 5:12-CV-00023-C and all claims alleged therein are DISMISSED with prejudice as frivolous and for failure to state a claim upon which relief may be granted.

(2)  The dismissal of Plaintiff's complaint does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See* 28 U.S.C. § 1915(b)(1) ("Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner **shall be required to pay the full amount of a filing fee**.") (emphasis added); *Hatchet v. Nettles,* 201 F.3d 651, 654 (5th Cir. 2000) ("No relief from an order directing payment of the filing fee should be granted for a voluntary dismissal.").

(3)  This dismissal shall count as a qualifying dismissal under 28 U.S.C. § 1915 and *Adepegba v. Hammons,* 103 F.3d 383 (5th Cir. 1996).

(4)  Plaintiff is advised that if he appeals this Order, he will be required to pay the appeal fee of $455.00 pursuant to the PLRA, and he must submit an application to proceed *in forma pauperis* and a 6-month Certificate of Inmate Trust Account at the same time he files his notice of appeal.

(5)  Any pending motions are DENIED.

Judgment shall be entered accordingly.

Dated June 16, 2014.

SAM R. CUMMINGS
United States District Judge

3